## ATTACHMENT OF DEBTOR'S WAGES.

Common Pleas Court of Hamilton County.

### S. J. D. MEADE v. HENRY RICE.

Decided, May 8, 1916.

*Attachment—Defective Affidavit in Suit on Claim for Necessaries— What the Affidavit Should State—Giving of Ten Per Cent. Notice Does Not Supply Omission as to What it is Sought to Attach.*

An affidavit for attachment on a claim for necessaries should plainly state that it is only the ten per cent. of the debtor's wages which it is sought to attach, and where this is not done the statement in the affidavit that the plaintiff gave the ten per cent. notice does not cure the defect.

*R. G. Brown,* for the motion.
*H. E. Stagman,* contra.

GEOGHEGAN, J.

This is a proceeding in error to reverse the judgment of the Municipal Court of Cincinnati in overruling a motion made to discharge the attachment herein on the ground of the insufficiency of the affidavit for attachment.

The affidavit for attachment is, in substance, that the claim is for necessaries for rent of a flat; that the claim is just; that the plaintiff ought to recover the sum of $21; and then there appears the following language:

"This affiant further says that this attachment is made under Section 11819 of the General Code of Ohio, and that the plaintiff has given to defendant, Henry Rice, the ten per cent. notice provided by law."

There are two exceptions taken by the learned counsel for the defendant to the sufficiency of this affidavit.

The first exception is, that Section 11819 of the General Code provides how attachments may be secured in actions in which the common pleas court has jurisdiction, and inasmuch as the amount claimed herein is $21, it is a matter in which prior to the passage of the municipal court act for the city of Cincinnati a justice of the peace would have exclusive jurisdiction, and therefore it appears on the face of the affidavit that no attachment could be had under the provisions of Section 11819 of the General Code.

The second exception is that even if the mistake in the number of the statute may be disregarded and the attachment may be construed as meaning the attachment provided for in Section 10253, General Code, the affidavit is insufficient because it does not state that the property sought to be attached is not exempt from execution.

It seems to me that this latter exception is well taken.

Section 10253 provides that the affidavit shall show the nature of the claim, that it is just, the amount the affiant believes ought to recover, and that the property sought to be attached is not exempt from execution, and that if the attachment of

the personal earnings of the defendant be sought on the ground that the claim sued on is for work, labor or necessaries, then that fact should be stated in the affidavit.

It is a proposition of law too trite to need the citation of authorities that an attachment before judgment, being an extraordinary remedy, the provisions of the statute allowing it should be strictly construed, and that in order to obtain the attachment the provisions of the statute should be strictly followed.

In the case of *K. B. Company* v. *James Batie*, 2 C.C.(N.S.), 358, the Circuit Court of Cuyahoga County, in construing the section of the statute admitting attachment where ten per cent. of the debtor's earnings are sought to be obtained upon a claim for necessaries, laid down the rule that the affidavit must contain a statement that the property sought to be attached is not exempt from execution.

Now, as this attachment could only be had under the provisions of Section 10253 of the General Code, it follows that the provision of that statute as to what the affidavit should contain should be followed, and that therefore, inasmuch as there is no positive statement that the property herein sought to be attached is exempt from execution, it is evident that the affidavit is insufficient for the purposes of attachment under that section.

When one considers that this affidavit recites that the attachment is sought to be made under the provisions of Section 11819 of the General Code, and when one considers the provisions of Section 11820 of the General Code, which provides how an attachment sought under the provisions of Section 11819 shall be had, it is evident how the failure to include the language that the property is not exempt from execution occurred in this affidavit, for while Section 11819 provides that an attachment may be had when the claim is for work, labor or necessaries, Section 11820 does not provide that the affidavit to secure an attachment under the provisions of Section 11819 shall contain a statement that the property sought to be attached is exempt from execution. But inasmuch as there is no authority to maintain

an action in the common pleas court for a sum of money less than one hundred dollars, it follows that this attachment could not be brought under the provisions of Section 11819, and inasmuch as Section 10253 provides plainly that the affidavit shall contain a statement that the property sought to be attached is not exempt from execution, it is evident that even considering this affidavit as having been brought under the later section it does not follow the provisions of said section and is therefore insufficient in law.

Inasmuch as since the passage of the act under which ten per cent. of a debtor's personal earnings may be attached on a claim for necessaries, said ten per cent. is no longer exempt from execution and attachment, the affidavit should plainly state that it is only the ten per cent. that is not so exempt that is sought to be attached, and this the affidavit under consideration here does not do, and I do not think that the statement in the affidavit that the plaintiff gave a ten per cent. notice cures the defect because for all that appears on the face on the affidavit an attempt may have been made herein to attach more than the ten per cent. which is not exempt from execution and attachment.

The motion to discharge the attachment should have been granted and an order will be made accordingly.